**MOOFLY PRODUCTIONS, LLC, a California Limited Liability Company, Plaintiff-counter-defendant-Appellee,**

**Helena Pasquarella; Raleigh William Souther, individually; Thomas Joel, individually; Joel Media Group, Inc., an Arizona corporation, Counter-defendants-Appellees.**

v.

**Sandra Corralas FAVILA; Estate of Richard Charles Corrales, Defendants-counter-claimants-Appellants,**

**Motion Graphix, Inc., a California Corporation in Dissolution, Counter-claimant-Appellant.**

Moofly Productions, LLC, a California
Limited Liability Company,
Plaintiff,

v.

Sandra Favila, Defendant,

and

Estate of Richard C. Corrales; Motion
Graphix, Inc., Defendants-counter-
claimants-Appellants,

v.

Thomas Joel; Joel Media Group, Inc.,
an Arizona corporation, Counter-
defendants-Appellees.

No. 15-56136, No. 15-56702

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7,
2017 Pasadena, California

Filed March 16, 2017

Nina Riley, General Counsel, Nina Riley
LAW, Marina Del Rey, CA, for Plaintiff-
counter-defendant-Appellee

James K. Cameron, Esquire, Attorney,
James K. Cameron & Associates, APC,
Encino, CA, Timothy James Toohey, Mor-
ris Polich & Purdy LLP, Los Angeles, CA,
for Counter-claimant-Appellant

James K. Cameron, Esquire, Attorney,
James K. Cameron & Associates, APC,
Encino, CA, Timothy James Toohey, Mor-
ris Polich & Purdy LLP, Los Angeles, CA,
for Defendants-counter-claimants-Appel-
lants Sandra Corralas Favila, Estate of
Richard Charles Corrales

Nina Riley, General Counsel, Nina Riley
LAW, Marina Del Rey, CA, for Counter-
defendant-Appellee Helena Pasquarella

Raleigh William Souther, Pro Se

Lewis Richard Walton, Jr., Attorney,
Walton & Walton, LLP, Marina Del Rey,
CA, for Counter-defendants-Appellees
Thomas Joel, Joel Media Group, Inc.

Before: REINHARDT, TASHIMA, and
NGUYEN, Circuit Judges.

MEMORANDUM *

The Corrales Estate ("Estate") and its
executrix, Sandra Favila ("Favila") appeal
the dismissal of their copyright infringe-
ment counterclaim. We have jurisdiction
under 28 U.S.C. § 1291 and we affirm.

1. The rulings of the California Court of
Appeal and Los Angeles County Superior
Court in *Favila v. Souther* awarded 51% of
the subject copyrights to the Estate. The
remaining 49% interest in the copyrights
either remained with Raleigh Souther
("Souther") or with Souther's transferee,
Get Flipped, Inc. ("GFI"). "A co-owner of
a copyright cannot be liable to another co-
owner for infringement of the copyright."
*Oddo v. Ries*, 743 F.2d 630, 632-33 (9th
Cir. 1984). As co-owner of the copyrights,
Souther or GFI was further entitled to
grant non-exclusive licenses to the other
Appellees. *See Sybersound Records, Inc. v.
UAV Corp.*, 517 F.3d 1137, 1146 (9th Cir.
2008); *Oddo*, 743 F.2d at 633.[1]

The defenses of co-ownership and li-
cense were not forfeited by their omission
from Appellees' pleadings. This Court has
"liberalized the requirement that affirma-
tive defenses be raised in a defendant's
initial pleading." *Rivera v. Anaya*, 726

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by Ninth Circuit Rule 36-3.

1. The question of how any profits from such
licenses should be accounted for or distribut-
ed, *see, e.g., Corbello v. DeVito*, 777 F.3d 1058,
1062 (9th Cir. 2015), is not before us, all non-
copyright claims having been remanded back
to state court.

F.2d 564, 566 (9th Cir. 1984). A defendant may raise an affirmative defense for the first time in a summary judgment motion so long as there was no prejudice to the plaintiff. *Healy Tibbitts Constr. Co. v. Ins. Co. of N. Am*, 679 F.2d 803, 804 (9th Cir. 1982). The district court permitted Appellants ample opportunity to brief the co-ownership and license defenses before their counterclaim was dismissed. There was thus no prejudice.

2. Attorney's fees were properly awarded to Appellees Joel and Joel Media Group, Inc., as the prevailing parties on the copyright counterclaim. 17 U.S.C. § 505.

. . .

For the foregoing reasons, the district court's dismissal of Appellants' copyright infringement counterclaim and its award of attorney's fees are

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.